UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIELLE S.,

                Plaintiff,
      v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

**DECISION AND ORDER**

1:19-CV-01359 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Danielle S. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 6; Dkt. 10), and Plaintiff's reply (Dkt. 11). For the reasons discussed below, the Commissioner's motion (Dkt. 10) is granted and Plaintiff's motion (Dkt. 6) is denied.

## BACKGROUND

Plaintiff protectively filed her application for SSI on October 30, 2015.  (Dkt. 4 at 23, 122).[1]  In her application, Plaintiff alleged disability beginning June 5, 2015, due to the following impairments: fibromyalgia; osteoarthritis; rheumatoid arthritis; curve in spine; pinched nerves; hypothyroidism; and anemia.  (*Id.* at 23, 110-11).  Plaintiff's application was initially denied on March 4, 2016.  (*Id.* at 123-26).  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Hortensia Haaversen on April 11, 2018, with Plaintiff appearing in person in Buffalo, New York, and the ALJ presiding by video from Falls Church, Virginia.  (*Id.* at 22, 80-109).  On October 3, 2018, the ALJ issued an unfavorable decision.  (*Id.* at 20-41).  Plaintiff requested Appeals Council review; her request was denied on August 12, 2019, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 5-11).  This action followed.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

(quotation omitted).  It is not the Court's function to "determine *de novo* whether [the

claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation

omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir.

1990) (holding that review of the Secretary's decision is not *de novo* and that the

Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he

deferential standard of review for substantial evidence does not apply to the

Commissioner's conclusions of law."  *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003)

(citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant

is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467,

470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in

substantial gainful work activity.  *See* 20 C.F.R. § 416.920(b).  If so, the claimant is not

disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an

impairment, or combination of impairments, that is "severe" within the meaning of the Act,

in that it imposes significant restrictions on the claimant's ability to perform basic work

activities.  *Id.* § 416.920(c).  If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled."  If

the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or

medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of

Regulation No. 4 (the "Listings").  *Id*. § 416.920(d).  If the impairment meets or medically

equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the

claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity

("RFC"), which is the ability to perform physical or mental work activities on a sustained

basis, notwithstanding limitations for the collective impairments.  *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC

permits the claimant to perform the requirements of his or her past relevant work.  *Id*.

§ 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.

If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden

shifts to the Commissioner to show that the claimant is not disabled.  *Id*. § 416.920(g).  To

do so, the Commissioner must present evidence to demonstrate that the claimant "retains a

residual functional capacity to perform alternative substantial gainful work which exists in

the national economy" in light of the claimant's age, education, and work experience.  *Rosa*

*v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I.    The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step

sequential evaluation set forth in 20 C.F.R. § 416.920.  At step one, the ALJ determined

that Plaintiff had not engaged in substantial gainful work activity since October 30, 2015, the application date.  (Dkt. 4 at 25).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: major depressive disorder; hypothyroidism; lumbar degenerative disc disease; fibromyalgia; arthritis; obesity; and gastroesophageal reflux disorder.  (*Id.*).  The ALJ further found that Plaintiff's medically determinable impairment of anemia was non-severe.  (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 26).  The ALJ particularly considered the criteria of Listings 12.04 and 12.06 in reaching her conclusion.  (*Id.* at 26-27).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), but with the following additional limitations:

> [Plaintiff] is able to lift and carry 10 pounds occasionally and less than 10 pounds frequently.  [Plaintiff] is able to stand or walk for two hours out of an eight-hour workday. [Plaintiff] is able to sit for at least six hours of an eight-hour workday.  [Plaintiff] can frequently climb ladders, ropes, and scaffolds, stoop, and crouch, with unlimited postural activities otherwise.  [Plaintiff] requires the use of a cane for ambulation.  [Plaintiff] presents as able to follow and understand simple directions or instructions.  [Plaintiff] is able to perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, limited to low stress jobs defined as occasional decisionmaking, and [Plaintiff] is able to relate adequately with others.

(*Id.* at 28).  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  (*Id.* at 33).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of address clerk, escort vehicle driver, order clerk, and telephone information clerk.  (*Id.* at 33-34).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act.  (*Id.* at 35).

## II.    The Commissioner's Determination is Supported by Substantial Evidence and Free from Reversible Error

Plaintiff asks the Court to either reverse or remand this matter to the Commissioner for further administrative proceedings, arguing that the ALJ's physical and mental RFC findings are unsupported by competent medical opinion.  For the reasons set forth below, the Court finds that neither reversal nor remand are warranted.

### A.    Mental RFC Finding

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted).  "[A]s a result[,] an ALJ's determination of RFC

without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation omitted).

Here, the record contained two opinions regarding Plaintiff's mental functioning. Consultative examiner Dr. Susan Santarpia performed a psychiatric evaluation of Plaintiff on February 24, 2016, and opined that she was able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, make appropriate decisions, relate adequately with others, and appropriately deal with stress within normal limits. (Dkt. 4 at 431). Dr. Santarpia further opined that Plaintiff had a "[m]ild impairment . . . in performing complex tasks independently." (*Id.*).

Non-examining state agency psychiatric reviewer Dr. C. Butensky reviewed Plaintiff's medical records on February 29, 2016, and opined that Plaintiff's psychiatric impairments were well-controlled and non-severe. (*Id.* at 114-15).

In assessing Plaintiff's mental RFC, the ALJ gave partial weight to Dr. Santarpia's and Dr. Butensky's opinions. (*Id.* at 32). The ALJ's mental RFC finding largely tracks Dr. Santarpia's opinion. However, while Dr. Santarpia opined that Plaintiff could appropriately deal with stress within normal limits, the ALJ limited Plaintiff to low stress jobs with only occasional decision-making. (*Id.*). The ALJ explained that she based this limitation on Plaintiff's self-reported history of "restlessness, worry, and excessive apprehension." (*Id.*).

Plaintiff argues that the ALJ discounted all the medical opinions of record regarding Plaintiff's functioning and thereby created a gap in the evidentiary record. (Dkt. 6-1 at 11-

14).  This argument is wholly without merit.  As set forth above, the ALJ's mental RFC finding was almost entirely consistent with Dr. Santarpia's opinion, which the ALJ plainly did not discount.  *See Beckles v. Comm'r of Soc. Sec.*, No. 18-CV-321P, 2019 WL 4140936, at \*4 (W.D.N.Y. Aug. 30, 2019) ("An ALJ does not . . . 'reject' opinion evidence when the opinion is assessed less than controlling weight and where, as here, it is evident that the ALJ's RFC determination incorporates limitations contained in that opinion.").

As to the ALJ's assessment of a stress limitation more restrictive than that identified by Dr. Santarpia, this is not a basis for remand.  *See id.* at \*5 ("The ALJ did not err . . . by including greater limitations in her RFC determination than those opined by [Dr.] Miller.").  It is within the ALJ's discretion to—as the ALJ here did—credit a claimant's subjective complaints and incorporate limitations based thereon into the RFC finding.  *See Dougherty-Noteboom v. Berryhill*, No. 17-CV-00243-HBS, 2018 WL 3866671, at \*9 (W.D.N.Y. Aug. 15, 2018) (RFC finding was supported by substantial evidence where "each element in the RFC . . . corresponds with either plaintiff's subjective complaints or with an expert medical source statement").  The ALJ's mental RFC finding was based on the record as a whole and supported by substantial evidence.

### B.    Physical RFC Finding

The ALJ also did not commit reversible error in assessing Plaintiff's physical RFC.  The sole medical opinion of record regarding Plaintiff's physical limitations was that of consultative examiner Dr. Hongbiao Liu.  Dr. Liu examined Plaintiff on February 24, 2016, and opined that she had a "moderate limitation" in "prolonged walking, bending, kneeling, and overhead reaching."  (Dkt. 4 at 436).

The ALJ gave Dr. Liu's opinion "partial weight" in assessing Plaintiff's RFC.  (*Id*.).
The ALJ found Dr. Liu's opinion that Plaintiff had limitations in prolonged walking and
bending.  (*Id*.).  However, the ALJ found that there was no "objective basis" for Dr. Liu's
opinion that Plaintiff was limited in her ability to kneel or reach overhead.  (*Id*.).  The ALJ
noted that Plaintiff had demonstrated a full range of motion in the cervical spine and full
muscle strength in the upper extremities.  (*Id*.).  Further, Plaintiff had never complained of
any difficulty reaching in any direction.  (*Id*.).

Under the regulations applicable to Plaintiff's claim, a consultative examiner's
opinion is not entitled to any particular weight, and an ALJ is free to discount those portions
of the opinion that are not supported by the other evidence of record.  *See Dukes v. Comm'r
of Soc. Sec.,* No. 6:19-CV-06025 EAW, 2020 WL 5651610, at *5 (W.D.N.Y. Sept. 23,
2020) ("Dr. Chu and Dr. Jonas were both consultative examiners and their opinions were
thus not entitled to any particular weight; instead, the ALJ was 'free to disregard identified
limitations . . . not supported by the evidence of record.'"  (quoting *Torbicki v. Berryhill*,
No. 17-CV-386(MAT), 2018 WL 3751290, at *5 (W.D.N.Y. Aug. 8, 2018))).

As the ALJ noted, there was no medical evidence supporting Dr. Liu's opinion that
Plaintiff had a restriction in overhead reaching, including Dr. Liu's own physical
examination of Plaintiff.  Indeed, Plaintiff herself points to no such evidence, but argues
only that because she suffers from fibromyalgia, "objective findings may be minimal."
(Dkt. 6-1 at 18).  However, Plaintiff has not identified any place in the record where she
made even a subjective complaint of being unable to reach overhead.  Moreover, even if
the ALJ erred in discounting Dr. Liu's opinion that Plaintiff had a moderate limitation in

overhead reaching, such error was harmless.  The representative occupations of order clerk, telephone information clerk, and address clerk—all of which the VE opined an individual with the RFC found by the ALJ would be capable of performing—each require only frequent reaching, defined as occurring from one-third to two-thirds of the time.  *See Dictionary of Occupational Titles* 209.567-014, 1991 WL 671794 (order clerk); *id.* 237.367-046, 1991 WL 672194 (telephone information clerk); *id.* 209.587-010, 1991 WL 671797 (address clerk).  "[A] moderate limitation is not inconsistent with a finding that an individual can engage in frequent, but not constant activity." *Jennifer Lee W. v. Berryhill*, No. 5:18-CV-64 (DJS), 2019 WL 1243759, at *5 (N.D.N.Y. Mar. 18, 2019); *see also May v. Comm'r of Soc. Sec.*, No. 17-CV-1347SR, 2019 WL 2717991, at *4 (W.D.N.Y. June 28, 2019)  (RFC finding restricting the plaintiff to frequent overhead reaching bilaterally was consistent with medical source opinion that the plaintiff "had a mild to moderate limitation for overhead reaching").  In other words, even if the ALJ had incorporated Dr. Liu's opinion regarding Plaintiff's ability to reach into her RFC finding, it would not have changed the conclusion that Plaintiff was not disabled as defined in the Act.  *See Dukes*, 2020 WL 5651610, at *5 (finding harmless error where "even had the ALJ adopted every limitation identified by [the medical source], it would not have changed the conclusion that Plaintiff was capable of work as a cashier II, which is sufficient to demonstrate that she is not disabled as defined in the Act").

Similarly, any error by the ALJ in rejecting Dr. Liu's opinion as to Plaintiff's ability to kneel was harmless.  The representative occupations of order clerk, telephone information clerk, and address clerk do not require kneeling.  *See Dictionary of*

*Occupational Titles* 209.567-014, 1991 WL 671794 (order clerk); *id*. 237.367-046, 1991 WL 672194 (telephone information clerk); *id.* 209.587-010, 1991 WL 671797 (address clerk).

The ALJ also did not err in finding that Plaintiff required a cane for ambulation, notwithstanding that Dr. Liu made no such finding.  Plaintiff testified at the hearing that she used a cane for stability.  (Dkt. 4 at 97).  Similarly, the postural limitations identified by the ALJ reflect Plaintiff's testimony that she has had some difficulty climbing as a result of her steroid-caused weight gain.  (*Id*. at 95).  As discussed above, the ALJ was permitted to consider Plaintiff's subjective claims in reaching an RFC finding.

For all these reasons, the Court finds no reversible error in the ALJ's assessment of either Plaintiff's mental or physical RFC.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 10) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 6) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: January 25, 2021
      Rochester, New York